George L. **SEAY** et al., Plaintiffs,

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS et al., Defendants.**

Civ. Nos. 67–1394–HP, 71–498–HP.

United States District Court,
C. D. California.

June 15, 1973.

John L. Kilcullen, Webster & Kilcullen, Washington, D. C., Jonathan C. Gibson, Gibson & Kennerson, San Diego, Cal.,

Joseph H. Cummins, Cummins, White & Breidenbach, Los Angeles, Cal., for plaintiffs.

Alfred M. Klein, Rose, Klein & Marias, Los Angeles, Cal., for defendants, Grand Lodge International Association of Machinists & Aerospace Workers, AFL–CIO, Aeronautical Industrial District Lodge No. 1578, IAM & AW, AFL–CIO, and Aeronautical District Lodge No. 720, IAM & AW, AFL–CIO.

MEMORANDUM AND ORDER DENYING MOTION TO COMPEL ANSWERS TO INTERROGATORIES

PREGERSON, District Judge.

This matter came before the court on June 5, 1973 for hearing on plaintiff's motion pursuant to F.R.Civ.P. 37(a) to compel defendant Grand Lodge, International Association of Machinists [I.A. M.] to answer eight written interrogatories propounded on January 6, 1973. Through I.A.M.'s answers to these interrogatories, plaintiffs seek to establish a foundation for the admissibility into evidence of a written stipulation entered into on August 14, 1958 in the case of Looper v. Georgia Southern and Florida Railroad Co., No. 16,537, Superior Court of Bibb County, Georgia. I.A.M. was a party to the Bibb County litigation, and was a party to the stipulation which plaintiffs hope to introduce into evidence at the upcoming trial before this court.

The stipulation in question is limited by its terms to the Bibb County litigation. It states:

"4. That the attached 'STIPULATION OF FACTS' is made and agreed to only for the purpose of this litigation in this and higher courts, and no statement or admission contained therein shall be offered in evidence or used in any other proceeding. . ."

Plaintiffs argue that they are not bound by this limitation since they were neither parties to that stipulation, nor to that action. The court rejects this argument because it is contrary to the ex-

plicit intention of the parties and, if accepted, it would tend to inhibit the use of stipulations which, as we all know, play an important role in expediting trials.[1]

Professor Wigmore has wisely observed that "[i]t would seem, having regard to the voluntary and contractual nature of the act [i. e. a stipulation or judicial admission], that the duration of its effect, no less than its scope, depends, after all, on the intent of the parties. . . ." 9 Wigmore, Evidence 3d Ed. § 2593 at 594 (1940); see 100 A.L.R. 775 (1936).

The court holds that the explicit intent of the parties to the Bibb County stipulation must be given effect; therefore, the stipulation is not admissible in this action.[2] If Nungaray v. Pleasant Valley Lima Bean Growers, 142 Cal.App. 2d 653, 300 P.2d 285 (1956), on which plaintiffs rely, expresses a contrary view, this court declines to follow it. In Nungaray—despite language of limitation[3]—a stipulation made at another trial was admitted into evidence as an adoptive admission. However, it seems that the Nungaray proceeding was, as a practical matter, a subsequent part of basically the same litigation in which the stipulation was initially entered into. Viewed in this light, Nungaray follows the general rule that a stipulation made in one trial may be introduced in evidence in a subsequent proceeding as proof of the facts admitted. See Witkin, California Evidence 2d Ed. § 506 at 476 (1966); 100 A.L.R. 775, 776 (1936). Here plaintiffs seek to have admitted into evidence a stipulation made in a different and unrelated case—a case in which they were in no way involved.

Since the stipulation in question is inadmissible in this case, the interrogatories cannot lead to the discovery of admissible evidence. Accordingly,

It is ordered that plaintiffs' motion to compel answers to interrogatories is denied.

It is further ordered that the clerk of the court shall serve copies of this Memorandum and Order, by United States mail, on the attorneys of record for the parties herein.

---

1. Admissions under F.R.Civ.P. 36, like stipulations, also play an important role in expediting trials. However, even that rule limits their use. It provides that "[a]ny admission made by a party under [the] rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding." F.R.Civ.P. 36(b).

2. In Holman's Heirs v. Bank of Norfolk, 12 Ala. 369, 408 (1847), the court observed that "it would be a most alarming doctrine that an admission made by counsel in the progress of a cause was proof of the fact so admitted through all future time."

3. In Nungaray the court admitted the stipulation into evidence despite a provision in the stipulation that the parties agreed that neither of them would be bound thereby in any other action.